### DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) Case No. 3:21-cr-0025<br>) |
| **ERICKSON BOLIVAR, KEISY JESUS, and YEHUDI ROBLES,** | )<br>)<br>) |
| **Defendants.** | )<br>) |

### ORDER

**BEFORE THE COURT** are the motions by the United States of America (the "United States") and Keisy Jesus ("Jesus") to continue the trial in this matter. (ECF Nos. 50 and 52.) For the reasons stated herein, the Court will grant the motion. The time to try this case is extended up to and including May 2, 2022.

On March 3, 2022, Jesus filed his motion to continue. In the motion, Jesus states that his counsel has a conflicting criminal trial scheduled for March 14, 2022, in the District of Puerto Rico. (ECF No. 50 at 1.) Jesus argues that the conflicting case is an older case, which takes precedence over newer cases. *Id.* Thereafter, on March 4, 2022, the United States filed its motion to continue. In its motion, the United States asserts that it has not yet received the laboratory analysis for evidence submitted to the Drug Enforcement Administration ("DEA") Laboratory in this matter. (ECF No. 52 at 2.) The United States further asserts that counsel for the United States has a trial and multiple hearings during the week of March 7, 2022, and a conflicting trial scheduled for March 14, 2022. *Id.*

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Here, an extension of time is necessary to allow the DEA to complete and return an analysis of evidence in this case. An extension is further warranted for the United States and Jesus to maintain continuity of counsel, which would be otherwise denied due to scheduling conflicts.

*United States v. Bolivar et al.*
Case No.: 3:21-cr-0025
Order
Page **2** of **3**

Under the Speedy Trial Act, courts should consider "[w]hether the failure to grant such a continuance in a case which . . . would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Consistent with these concerns, the courts have granted continuances due to delays in receiving evidence and scheduling conflicts. *See United States v. Stallings*, 701 F. App'x 164, 170-71 (3d Cir. 2017)(upholding an ends of justice continuance based in part on counsel's family emergency and scheduling conflicts); *United States v. Van Chase*, 137 F.3d 579, 583 (8th Cir. 1998)(suggesting that a continuance granted due to "a testing backlog at the FBI labs" was proper).

Furthermore, in response to the current conditions in the COVID-19 pandemic, the undersigned, as Chief Judge of the District Court of the Virgin Islands, issued a general order concerning operations of the Court on February 28, 2022, deeming the time period of March 1, 2022 through March 31, 2022, to be "excluded time" under the Speedy Trial Act for purposes of determining when an information or indictment must be filed or when a trial must commence pursuant to 18 U.S.C. § 3161(h)(7)(A).[1] The Court hereby fully incorporates the findings from the Court's Thirty-Fourth Operations Order as fully stated herein.

To date, the COVID-19 virus has claimed more than 957,000 lives in the United States (109 of which have been in the U.S. Virgin Islands). COVID-19 continues to present an unpredictable threat to public health and safety, as shown in the recent surge in COVID-19 cases both in the continental United States and the Virgin Islands. As a multi-defendant case, this case presents significant challenges for the Court to comply with social distancing guidelines during the jury trial. Practical considerations would require additional spacing for Defendants, counsel, and jurors—and the potential for additional jurors in the courtroom. As such, the Court finds that extending the period within which Defendants may be tried under the Speedy Trial Act is necessary for the protection and well-being of the Defendant,

---

[1] https://www.vid.uscourts.gov/sites/vid/files/general-ordes/Thirty-Fourth%20Order%20Concerning%20Court%20Operations%20During%20COVID%20Outbreak.pdf

*United States v. Bolivar et al.*
Case No.: 3:21-cr-0025
Order
Page **3** of **3**

the jury, the prosecutors, the witnesses, the Court's personnel, and the general public at large.

The premises considered, it is hereby

**ORDERED** that the United States' and Defendant Jesus' motions to continue, ECF Nos. 50 and 52, are **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through May 2, 2022, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than April 25, 2022, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties shall provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than April 27, 2022;[2] and it is further

**ORDERED** that the jury selection and trial in this matter previously scheduled for March 14, 2022, are **RESCHEDULED** to commence promptly at 9:00 A.M. on May 2, 2022, in St. Thomas Courtroom 1.

**Dated:** March 8, 2022                  */s/ Robert A . Molloy*
                                          **ROBERT A. MOLLOY**
                                          **Chief Judge**

---

[2] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.