# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:21-cr-0025 |
| ) | |
| **ERICKSON BOLIVAR, KEISY JESUS, and** ) | |
| **YEHUDI ROBLES,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the Government's Motion to Continue Trial and Exclude Time Under the Speedy Trial Act. (ECF No. 75.) For the reasons stated herein, the Court will grant the motion. The time to try this case is extended up to and including March 13, 2023.

The trial in this matter was initially scheduled to commence on March 14, 2022. It has since been rescheduled twice, most recently to October 31, 2022, by Court Order dated September 27, 2022. (ECF No. 72.) On September 30, 2022, the Government filed the instant motion to continue. (ECF No. 75.) In its motion, the Government avers that three Customs and Border Patrol (CBP) Air and Marine Operations (AMO) Marine Interdiction Agents (MIA) are unavailable on October 31, 2022, due to commitments which predate the Court's September 27th Order. *Id.* at 2. Specifically, MIA J. Frichette will be on an annual leave which includes the week of October 31, 2022; MIA P. Hearn has scheduled training from October 16, 2022, through November 9, 2022, in Harpers Ferry, West Virginia; and MIA K. Florence has scheduled personal leave for a family vacation. *Id.*

The Government avers that "MIA Frichette, Hearn, and Florence were the AMO crew who stopped the boat occupied by the three defendants," and that "[e]ach are material to the government's case and will be called as witnesses to establish why the vessel was stopped and what was seized." *Id.* at 3. A fourth witness, Homeland Security Investigations (HSI) Special Agent (SA) Carlos Brinckhaus, also has scheduled leave during the currently scheduled trial date. *Id.* The Government avers that "SA Brinckhaus will be called as a witness

*United States v. Bolivar et. al*
Case No.: 3:21-cr-0025
Order
Page 2 of 3

because he interviewed defendants Robles and Jesus."[1] *Id.* Furthermore, counsel for the Government is scheduled for court hearings in the weeks prior to and following the trial. *Id.*

The Government has consulted will all other parties. Defendant Keisy Jesus opposes this motion. *Id.* at 4. Defendants Erikson Bolivar and Yehudi Robles do not oppose the motion.

Under the Speedy Trial Act, courts may exclude "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness.[2]" 18 U.S.C. § 3161(h)(3)(A). Furthermore, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994) Consistent with these concerns, courts have granted continuances due to witness unavailability. *See United States v. Paz*, No. 2019-39, 2019 U.S. Dist. LEXIS 187900 (D.V.I. Oct. 30, 2019) (granting a continuance where two essential witnesses were on emergency deployment); *see also United States v. James*, No. 18-CR-216 (SRN/HB), 2019 U.S. Dist. LEXIS 25093, at *4 (D. Minn. Feb. 15, 2019)(granting a continuance based on an essential witness's preexisting travel plans); *United States v. Meyer*, 803 F.2d 246, 247 (6th Cir. 1986) (upholding a continuance where an essential witness was unavailable due to a wedding).

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best

---

[1] The Government does not assert that SA Brickhaus is a material witness.

[2] "[W]here a witness is unquestionably important to the prosecution's case, and the government has a good faith belief that it will use that witness's testimony at trial, the district court may treat that witness as 'essential' for Speedy Trial Act purposes." *United States v. Hamilton*, 46 F.3d 271, 277 (3d Cir. 1995). A witness is "unavailable" if "his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C. § 3161(h)(3)(B). "The unavailability bar is not a high one; in one case, a witness's prior wedding and honeymoon plans rendered him unavailable." *United States v. Paz*, No. 2019-39, 2019 U.S. Dist. LEXIS 187900, at *5 (D.V.I. Oct. 30, 2019) (quoting *United States v. Saeku*, 436 Fed. App'x 154, 161-62 (4th Cir. 2011).

The Government asserts that three witnesses who "stopped the boat occupied by the three defendants . . . , interacted with the defendants aboard the vessel, and seized 41 kilograms of cocaine from inside the hull of the vessel," have conflicts with the currently scheduled trial date. (ECF No. 75 at 2.) Considering the Government' assertions regarding the necessity of the witnesses and the witnesses' unavailability—to which the Defendants did not object—the Court finds that the aforementioned witnesses are unavailable essential witnesses within the meaning of 18 U.S.C. §3161(h)(7)(A).

*United States v. Bolivar et. al*
Case No.: 3:21-cr-0025
Order
Page 3 of 3

interest of justice. Here, an extension of time is necessary to enable material witnesses to testify at the trial.

The premises considered, it is hereby

**ORDERED** that the Government's Motion to Continue Trial and Exclude Time Under the Speedy Trial Act, ECF No. 75, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through March 13, 2023, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than March 3, 2023, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than March 8, 2023;[3] and it is further

**ORDERED** that the Jury Selection and Trial in this matter **SHALL** commence promptly at 9:00 a.m. on March 13, 2023, in St. Thomas Courtroom 1.

**Dated:** October 20, 2022                         /s/*Robert A. Molloy*
                                                    **ROBERT A. MOLLOY**
                                                    **Chief Judge**

---

[3] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.